LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00426 BRO (JEMx)** <br> **CV 15-00636 BRO (JEMx)** <br> **CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.** <br> **ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.** <br> **MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE: MOTIONS FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF [13] [16] [19] [22] [23]

### I.   INTRODUCTION

The instant dispute over alleged violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and of Securities and Exchange Commission ("SEC") Rule 10b-5 has provoked three class action lawsuits against Defendants Medbox, Inc. ("Medbox") and its officers.  *See Crystal v. Medbox, Inc.*, No. 15-00426 BRO (JEMx); *Gutierrez v. Medbox, Inc.*, No. 15-00636 BRO (JEMx); *Donnino v. Medbox, Inc.*, No. 15-00683 BRO (JEMx).  Currently pending before the Court are five motions for consolidation and for appointment as lead plaintiff(s).  (Dkt. Nos. 13, 16, 19, 22, 23.)[1]  Specifically, the following Plaintiffs have filed motions seeking appointment as lead plaintiff: (1) Hugo Colindres; (2) Michael Konar; (3) Nancy Fox; (4) Peter Phan and Paul Poon; and (5) Patrick Orman and Cong B. He.  (Dkt. Nos. 13, 16, 19, 22, 23.)  Recently, Plaintiff Colindres and Plaintiffs Orman and He filed notices of non-opposition to the competing motions for appointment of lead counsel, leaving only Plaintiffs Konar, Fox, and Phan and Poon.  (Dkt. Nos. 30, 32.)  After consideration of the papers filed in

---

[1] Plaintiff Nancy Fox and Plaintiffs Peter Phan and Paul Poon have also filed virtually identical motions in the related *Gutierrez* and *Donnino* actions.  *See Gutierrez*, No. 15-00636 BRO (JEMx) (Dkt. Nos. 8, 11); *Donnino*, No. 15-00683 BRO (JEMx) (Dkt. Nos. 20, 23).  Because these motions are substantially identical to the ones filed by these Plaintiffs in the *Crystal* action, all citations to the record will refer to docket entries filed in the *Crystal* action unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00426 BRO (JEMx)<br>CV 15-00636 BRO (JEMx)<br>CV 15-00683 BRO (JEMx) | Date | April 23, 2015 |
|---|---|---|---|
| Title | JOSH CRYSTAL V. MEDBOX, INC. ET AL.<br>ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.<br>MATTHEW DONNINO V. MEDBOX, INC. ET AL. | | |

support of and in opposition to the instant motions, the Court deems these matters appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the motions for consolidation are **GRANTED**, and the Court hereby appoints Peter Phan and Paul Poon as lead Plaintiffs in this matter.

## II. BACKGROUND

Defendant Medbox is a company founded in 2010 by co-Defendant Pejman Vincent Mehdizadeh[2] that, "through its subsidiary Medicine Dispensing Systems, sells its patented vending machines that dispense medical marijuana, software and consulting services to pharmacies, alternative medicine dispensaries and local governments in the United States." (Compl. ¶ 2.) Plaintiffs in each of these actions seek to represent "all purchasers" of the common stock of Medbox between November 20, 2013 and December 29, 2014 (the "Class Period"). (Compl. ¶ 1; *Donnino*, No. 15-683 BRO (JEMx) (Dkt. No. 1 ¶ 1).)[3] Each action alleges that Medbox and its officers made false and misleading statements regarding Medbox's financial results for the fiscal year ending on December 31, 2013 by recognizing revenue on customer contracts before it had been earned. (*See, e.g.*, Compl. ¶ 4.) Plaintiffs allege that, as a result of these false statements, Medbox's stock traded at artificially inflated prices during the Class Period, reaching a peak price of $93.50 on January 8, 2014. (*See, e.g.*, Compl. ¶ 4.)

According to the Complaints, the Financial Industry Regulatory Authority ("FINRA") issued an advisory concerning risks related to investing in marijuana-related stocks such as Medbox in January 2014. (*See* Compl. ¶ 38.) The FINRA advisory warned that such companies are suspected of engaging in "pump and dump" schemes, in which "fraudsters lure investors with aggressive, optimistic—and potentially false and misleading—statements or information designed to create unwarranted demand for shares of a small, thinly traded company with little or no history of financial success (the

---

[2] In addition to Medbox and Mehdizadeh, Plaintiffs have sued Defendants Bruce Bedrick, Thomas Iwanski, Guy Marsala, and Douglas Mitchell.

[3] The complaint in *Gutierrez* extends the class period until December 30, 2014. *Gutierrez*, No. 15-00636 BRO (JEMx) (Dkt. No. 1 ¶ 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 15-00426 BRO (JEMx)**<br>**CV 15-00636 BRO (JEMx)**<br>**CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.**<br>**ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.**<br>**MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

pump)," and "[o]nce share prices and volumes reach a peak, the cons behind the scam sell off their shares at a profit, leaving investors with worthless stock (the dump)." (Compl. ¶ 38.) Plaintiffs allege that Medbox responded to this advisory by issuing several press releases touting the company's financial accountability and sound management. (*See, e.g.*, Compl. ¶¶ 39–42.)

On February 18, 2014, *Citron Research* issued a report titled "Busting Medbox," which accused Medbox of keeping three sets of books and stated that "systemic fraud" and stock promotion had facilitated Medbox's $1 billion capitalization. (Compl. ¶ 43.) Medbox responded with a press release that called the report "deceptive and misleading," but the report nevertheless caused Medbox's share price to fall. (Compl. ¶¶ 44–45.) Medbox continued to issue press releases in an attempt to mitigate the impact from the negative press it had received, announcing that it had become a "Fully Reporting Public Company" and that Defendant Marsala, who had "a track record of driving exceptional results in both public and private companies by implementing Fortune 500 company best practices at early stage and middle market companies," would be stepping in as Chief Executive Officer. (*See* Compl. ¶¶ 46–51.) Medbox also announced that it was replacing its Chief Financial Officer (Defendant Iwanski), that it had appointed a special board committee to investigate a letter from a former Medbox employee to the SEC "alleging wrongdoing by a former officer of the Company who is currently a consultant to the Company," and that "a federal grand jury document subpoena [had been] served in August 2014 on the Company's accountants by the U.S. Department of Justice, to ascertain what implications, if any, the subpoena or the letter may have with respect to the Company." (Compl. ¶¶ 59–60.)

Finally, on the morning of December 30, 2014, Medbox issued a press release disclosing that, after the culmination of its internal accounting investigation, it would need to restate the past five quarters of financial reports. (Compl. ¶ 66.) As a result of these events, Plaintiffs allege that the price of Medbox common stock declined significantly, from a Class Period-high price of $93.50 per share to a low of $4.50 per share (and a closing price of $6.39 per share on December 30, 2014). (Compl. ¶ 67.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 15-00426 BRO (JEMx)** <br> **CV 15-00636 BRO (JEMx)** <br> **CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.** <br> **ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.** <br> **MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

In each of the three related actions, Plaintiffs allege that Defendants violated section 10(b) and 20(a) of the Exchange Act, in addition to SEC Rule 10b-5, by making material misrepresentations regarding the financial results of Defendant Medbox, which caused Plaintiffs to suffer losses through a reduction in the share price of Medbox stock. On January 21, 2015, Plaintiff Josh Crystal filed the first action against Defendants with this Court, in which he sought to represent all individuals who purchased or otherwise acquired Medbox common stock between November 20, 2013 and December 29, 2014. (Dkt. No. 1.) One week later, Plaintiff Ervin Gutierrez filed a substantially similar complaint, which was initially assigned to the Honorable Michael W. Fitzgerald. *Gutierrez*, No. 15-00636 BRO (JEMx) (Dkt. No. 1). And on January 29, 2015, Plaintiff Matthew Donnino filed the third lawsuit, which was assigned to the Honorable Dolly M. Gee. *Donnino*, No. 15-00683 BRO (JEMx) (Dkt. No. 1). The *Gutierrez* and *Donnino* matters were then transferred to this Court as related cases on March 26, 2015.

On March 23, 2015, Plaintiffs Colindres, Konar, Fox, Phan and Poon, and Orman and He filed five separate motions for consolidation and for appointment as lead plaintiff(s). (Dkt. Nos. 13, 16, 19, 22, 23.) Phan and Poon filed an opposition to the other parties' motions on March 30, 2015, (Dkt. No. 26), and Orman and He filed an opposition on April 6, 2015, (Dkt. No. 28). No other Plaintiffs filed an opposition to the competing motions. On April 13, Phan and Poon filed the sole reply in support of their motion. (Dkt. No. 31.) Orman and He and Colindres then filed notices of non-opposition on April 13 and April 14, respectively, noting that they were not the appropriate lead plaintiffs because they did not have the largest financial losses. (Dkt. Nos. 30, 32.) Defendants have not filed any opposition to these motions.

### III. LEGAL STANDARD

#### A. Motion for Consolidation

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777, 777

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00426 BRO (JEMx)**<br>**CV 15-00636 BRO (JEMx)**<br>**CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.**<br>**ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.**<br>**MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

(9th Cir. 1989). In determining whether to consolidate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *accord Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) ("To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.").

### B. Motion for Appointment as Lead Plaintiff

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), following consolidation the Court is to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In selecting "the most adequate plaintiff," the Court must:

> adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption may only be rebutted upon proof by another member of the putative class that the presumptively most adequate plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00426 BRO (JEMx)**<br>**CV 15-00636 BRO (JEMx)**<br>**CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.**<br>**ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.**<br>**MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

## IV. DISCUSSION

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial," the Court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Accordingly, the Court will consider whether consolidation is appropriate before determining which movant to appoint as lead plaintiff.

### A. Motion for Consolidation

In determining whether to consolidate these actions, the Court must first evaluate whether they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Even a cursory examination of the Complaints in each matter demonstrates that they do. Each action purports to represent a class of purchasers of Medbox common stock during the same timeframe, and each alleges substantially the same securities claims for the same alleged misstatements by the same Defendants. The only notable differences are that the *Gutierrez* complaint does not name Mitchell as a Defendant and extends the Class Period to December 30, 2014, rather than December 29, 2014. It is thus clear that these actions involve common questions of law and fact as contemplated by Rule 42(a).

It is also clear that consolidation of these actions would serve judicial efficiency by reducing the time and effort needed to be expended by both the parties and this Court. "Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBPVBKX, 2011 WL 710704, at *2 (C.D. Cal. Feb. 14, 2011). Indeed, courts have routinely consolidated cases in securities fraud actions that "allege the same misrepresentations and omissions by [a defendant] and its representatives, and seek to establish definitions of the Class and Class Periods that are either identical to one another or nearly so." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1130 (C.D. Cal. 1999). Accordingly, because the Court finds that the interests of judicial economy and

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00426 BRO (JEMx)**<br>**CV 15-00636 BRO (JEMx)**<br>**CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.**<br>**ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.**<br>**MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

convenience strongly favor consolidation, the Court hereby consolidates the three actions identified above pursuant to Federal Rule of Civil Procedure 42(a).

### B. Motion for Appointment as Lead Plaintiff

The Court will now determine which of the five movants should serve as lead plaintiff in this consolidated action. As discussed above, there is a rebuttable presumption that the "most adequate plaintiff" is the one who (1) either filed the complaint or made a motion to be appointed lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Each of the remaining Plaintiffs seeking appointment as lead plaintiff—Konar, Fox, and Phan and Poon—satisfied the first element by timely filing a motion for appointment as lead plaintiff on March 23, 2015. (*See* Dkt. Nos. 16, 20, 22.) With regard to the second element, it appears that Phan and Poon have "the largest financial interest in the relief sought by the class" owing to their claimed loss of $575,413.62. (*See* Dkt. No. 22-2 at 17–19.) By contrast, Konar has a claimed loss of $36,494.11, (Dkt. No. 16-4), and Fox has a claimed loss of $125,932.25, (Dkt. No. 21-3).[4] Moreover, neither Fox nor Konar has opposed Phan and Poon's motion for appointment as lead plaintiffs or otherwise attempted to demonstrate that Phan and Poon "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses that render such

---

[4] In determining the financial interest of the competing Plaintiffs, the Court "may select accounting methods that are both rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 739 n.4 (9th Cir. 2002). While Plaintiffs Poon and Phan have applied the "approximate losses suffered" method of calculation whereas Fox has used the "last-in, first-out" method (and Konar has not explicitly stated which method he used), both methods are accepted in the Ninth Circuit. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012). Further, neither Konar nor Fox has disputed Phan and Poon's assertion that they have the largest financial interest in the outcome of this case. Indeed, while not determinative in this analysis, the Court notes that Plaintiffs Orman and He—who had a claimed loss total of $235,232.00—filed their notice of non-opposition on the basis that "it appears that Peter Phan and Paul Poon . . . assert the largest financial interest in the relief being sought by the class." (Dkt. No. 30 at 3.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00426 BRO (JEMx)** <br> **CV 15-00636 BRO (JEMx)** <br> **CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.** <br> **ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.** <br> **MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

plaintiff[s] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, if Plaintiffs Phan and Poon also satisfy the requirements of Rule 23, they will establish a rebuttable presumption as "the most adequate plaintiff[s]" that no party has introduced evidence to rebut.

Although there are four requirements of Rule 23, the Court focuses on the typicality and adequacy elements in selecting a lead plaintiff under the PSLRA. *See Cavanaugh*, 306 F.3d at 730. Moreover, a purported lead plaintiff's "showing [on these requirements] need not be as thorough as would be required on a motion for class certification." *City of Royal Oak Ret. Sys.*, 2012 WL 78780, at *4; *accord Takeda*, 67 F. Supp. 2d at 1136 ("A wide-ranging analysis under Rule 23 is not appropriate at the initial stage of the litigation and should be left for consideration on a motion for class certification." (internal modifications and quotation marks omitted)). The Court must therefore determine if Phan and Poon meet the typicality and adequacy requirements of Rule 23 to evaluate whether they are the most adequate plaintiffs for this case.

First, the "test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)); *accord Takeda*, 67 F. Supp. 2d at 1136–37 ("Typicality entails an inquiry whether the named plaintiff's individual circumstances are markedly different or the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." (internal modifications and quotation marks omitted)). Like the other Plaintiffs in this action, Phan and Poon allege that Defendants violated federal securities laws by making public misrepresentations that they relied upon in purchasing Medbox stock at what they claim to be an artificially inflated price, and that they thereafter suffered losses when the market became aware of the fraud. (*See* Dkt. Nos. 22-1 at 12–15, 22-2 at 8–15.) Consequently, "[t]he only respect in which [Phan and Poon] are atypical of other class members appears to be the larger size of their losses. Under the [PSLRA], that is a proper basis for their selection as Lead Plaintiffs, not a basis for disqualification." *Takeda*, 67 F. Supp. 2d at 1137; *accord In re Milestone Scientific Sec. Litig.*, 183 F.R.D.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00426 BRO (JEMx)** <br> **CV 15-00636 BRO (JEMx)** <br> **CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.** <br> **ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.** <br> **MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

404, 416 (D.N.J. 1998) ("When the complaints are all based upon a common course of conduct, namely the alleged misrepresentations and omissions of [defendant] and its officers and/or directors, the varying class periods may be harmonized."); Newberg on Class Actions § 3:29 (5th ed. 2014) ("A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members and if his or her claims are based on the same legal theory.").

Second, "[t]he test for adequacy is whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *City of Royal Oak Ret. Sys.*, 2012 WL 78780, at \*5 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). Phan and Poon's incentives—to recoup their losses due to the alleged securities fraud—are aligned with those of other Plaintiffs in this action, and there is no indication of any conflict of interest. Accordingly, the Court finds that Phan and Poon are adequate representatives of the putative class under Rule 23.

Based on the foregoing discussion, Plaintiffs Phan and Poon have established a rebuttable presumption that they are "the most adequate plaintiff[s]" in this action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). No party has attempted to rebut this presumption. As a result, the Court **GRANTS** Plaintiffs Phan and Poon's motion for appointment as lead plaintiffs and **DENIES** all other Plaintiffs' motions for appointment as lead plaintiff. Moreover, the Court also approves Phan and Poon's selection of Johnson & Weaver LLP as lead counsel for the class. The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v). So long as the lead plaintiffs have made "a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009). Having reviewed the resume of Johnson & Weaver LLP, (*see* Dkt. No. 22-2 at 21–41), the Court is satisfied that Phan and Poon have made a reasonable choice of counsel.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00426 BRO (JEMx)** **CV 15-00636 BRO (JEMx)** **CV 15-00683 BRO (JEMx)** | Date | April 23, 2015 |
|---|---|---|---|
| Title | **JOSH CRYSTAL V. MEDBOX, INC. ET AL.** **ERVIN GUTIERREZ V. MEDBOX, INC. ET AL.** **MATTHEW DONNINO V. MEDBOX, INC. ET AL.** | | |

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motions for consolidation.  The Court also **GRANTS** Plaintiffs Phan and Poon's motion for appointment as lead plaintiffs and **DENIES** the motions for appointment as lead plaintiff filed by Plaintiffs Colindres, Konar, Fox, and Orman and He.

**IT IS SO ORDERED.**                                                                                          :

Initials of Preparer              rf